UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA


WOODROW ANDERSON,                         )
                                          )
                 Plaintiff,               )
                                          )          No. 1:05-CV-290
v.                                        )
                                          )          Judge Curtis L. Collier
GARY BURGESS,                             )
                                          )
                                          )
                 Defendant.               )


**M E M O R A N D U M**


Plaintiff Woodrow Anderson ("Plaintiff") filed this action *pro se* in Hamilton County,

Tennessee General Sessions Court on August 15, 2005 against Defendants Gary Burgess and "Chris

Sisco [sic]", alleging what appear to be common law tort claims (*see* Court File No. 2, Exh. A,

Complaint). Asserting Chris Cisco ("Cisco") was an employee of the U.S. Postal Service for the

purpose of the Federal Tort Claims Act, 28 U.S.C. §§ 1346 *et seq.*, the United States of America

removed the action to federal court pursuant to 28 U.S.C. § 1442 on October 19, 2005 (Court File

No. 2). The United States then filed a notice of substitution of itself for Cisco as to Plaintiff's

common law tort claims, stating since Cisco was acting within the scope of his employment with

the U.S. Postal Service at the time of the incident out of which Plaintiff's claims arose, those claims

would proceed against the United States pursuant to the Federal Tort Claims Act (Court File No. 4).

Magistrate Judge Susan K. Lee entered an order substituting the United States for Cisco (Court File

No. 9).

On November 4, 2005, Plaintiff filed a notice dismissing all claims against the United States with prejudice (Court File No. 10). Thus, the only parties remaining in this case are Plaintiff and Defendant Gary Burgess ("Defendant"), who also is proceeding *pro se*.

The Court held a scheduling conference in this matter on January 27, 2006. Present were both Plaintiff and Defendant. Plaintiff indicated displeasure with proceeding with his claims against Defendant in federal court, and also asked the Court for time to hire an attorney. The Court advised the parties Plaintiff would have six weeks to hire an attorney and the Court would hold another scheduling conference at a later time.

After conducting this conference, however, the Court began to doubt its subject matter jurisdiction over this case because, after Plaintiff's dismissal of the United States, the basis for its removal to federal court was no longer present in the case. The Court now takes up this issue.

## DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), ". . . if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A district court is charged with the duty of continually reexamining its jurisdiction and must *sua sponte* remand cases in which subject matter jurisdiction is lacking. *See Franchise Tax Board v. Construction Laborors Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Anusbigian v. Trugreen/Chemlawn, Inc*. 72 F.3d 1253, 1254 (6th Cir. 1996). Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.

*Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985) (citing, 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3642, at 149 (2d ed. 1985)).

The United States removed this case to federal court based on 28 U.S.C. § 1442(a)(1), which allows removal of a state court action against any officer of the United States for any act under color of his office. The United States invoked this Court's original jurisdiction over any civil action on claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," found in the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b). Since the United States is no longer a party to this action, the Court no longer has jurisdiction based on this statute.

Pursuant to 28 U.S.C. § 1332, district courts also have original jurisdiction over all civil actions between citizens of different states in which at least $75,000 is at issue. Plaintiff has not alleged either prerequisite for diversity jurisdiction is present (*see* Court File No. 2, Exh. A, Complaint), therefore this Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Further, the Court can find no federal question in Plaintiff's complaint that would provide jurisdiction pursuant to 28 U.S.C. § 1331. "Federal question" jurisdiction grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" a federal law in "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. 1. Plaintiff's complaint contains exclusively common law tort claims (*see* Court File No. 2, Exh. A, Complaint). Therefore no federal question is raised in this complaint

that would give rise to jurisdiction under 28 U.S.C. § 1331.

The Court, being unable to discern any basis for subject matter jurisdiction over this case, must remand it to state court *sua sponte* for all further proceedings. *See Franchise Tax Board*, 463 U.S. 1; *Anusbigian,* 72 F.3d at 1254.

## CONCLUSION

Because the Court has found it lacks subject matter jurisdiction over the remaining matters in this case, the Court will *sua sponte* **REMAND** this case to Hamilton County, Tennessee General Sessions Court.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**